UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| NORMAN NOFTSGER, | ) | CIV. 12-5019-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On January 28, 2013, the government filed a motion for summary judgment. (Docket 15). Pursuant D.S.D. Civ. LR 56.1(A), the government submitted its statement of undisputed material facts and supporting documentation. (Dockets 17 and 18). Plaintiff filed a legal memorandum in response to the government's motion. (Docket 19). In opposing the government's motion for summary judgment, the plaintiff did not file a response to the government's statement of undisputed material facts or a separate document identifying any material facts to which there is a genuine dispute. See D.S.D. LR Civ. 56.1(B). For the reasons below, the government's motion for summary judgment is granted.

**DISCUSSION**

On March 30, 2012, plaintiff filed a complaint[1] against the Veterans Administration under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (Docket 1).  The essence of Mr. Noftsger's federal tort claim is that "[t]he dental care, specifically including periodontal care, which Norman Noftsger did receive . . . was below the applicable legal standard of adequate dental care, which fact was at all times concealed from Norman Noftsger." Id. at ¶ 21.  The government filed an answer on June 1, 2012.  (Docket 11). The government's answer asserted the "United States, through its employees and agents, acted with due care and diligence at all relevant times. . . . [and] [t]here exists no proximate cause between any alleged act, omission or breach of duty by the United States and all or part of Plaintiff's injuries or damages." Id. at p. 8 ¶¶ 3 & 4.

On January 28, 2013, the government filed a motion for summary judgment.  (Docket 15).  The basis for the government's motion is "because plaintiff failed to provide expert testimony or opinions in support of his dental malpractice claim and, thus, cannot prove a deviation from the appropriate standard of care and causation." (Docket 16 at p. 1).  Plaintiff "concede[d] both grounds of Defendant's argument . . . ."  (Docket 19 at p.

---

[1]Plaintiff filed an administrative claim with the Veterans Administration which was denied on October 3, 2011.  (Docket 1 at ¶ 8).

2

4).  "Plaintiff's opposition is based on the following: (A) As with *Lewis*,[2] there is no point in Plaintiff[] designating experts before the issue of the permitted scope of discovery in these cases has been resolved; and (B) Accordingly, under the present circumstances, summary judgment is an inappropriate remedy for a substantially justified and harmless failure to meet the present scheduling order's expert designation deadline."  Id.  Plaintiff argues "[i]n both *Lewis* and the present proceeding, it is too early to tell to what extent the plaintiff['s] injuries are the result of direct negligence by the medical personnel involved and to what extent those injuries are due to the negligence of § 7316(a)(2) 'other supporting personnel.' "  Id.  Plaintiff believes the court's ruling on a motion to amend the complaint in Lewis "is likely to shape (if not, dictate) the discovery requests deemed permissible, the types of evidence that will be ruled admissible, and the fields of expertise (and, thereby the identities) of the experts to be designated in the present proceeding."  Id. (bold and capitalization omitted).

On June 19, 2012, the court filed an order for a Form 52 Report.  (Docket 12).  The parties' Form 52 Report was filed on June 28, 2012.  (Docket 13).  Plaintiff agreed his expert designations and reports would be provided to the government "on or before October 31, 2012."  Id. at ¶ 17.

---

[2]Merrill R. Lewis v. United States of America, 5:11-cv-5081-JLV (D.S.D. 2013).

On June 29, 2012, the court filed a scheduling order. (Docket 14). The scheduling order required that "[t]he identity of and reports from retained experts under Rule 26(a)(2) shall be due from plaintiff by October 31, 2012, and . . . any supplementations thereto under Rule 26(e) shall be due thirty (30) days prior to trial. Any expert not so designated will not be permitted to testify at trial." Id. at ¶ 7 (bold omitted).

On March 25, 2013, while the government's summary judgment motion was pending, the court filed an order in Lewis denying plaintiff's motion to include a count for "denial of veterans benefits." Lewis, 5:11-cv-5081-JLV (Docket 20 at p. 2). The court concluded "[t]o establish a medical negligence case [Mr. Lewis] must show 'how' he was harmed, not 'why' he received substandard care. It makes no difference in this case whether the VA hospital was underfunded or whether certain employees received performance bonuses. The proper focus of [Mr. Lewis'] claim is whether medical personnel at the VA exercised the degree of care, skill and proficiency customarily exercised by hospital personnel engaged in similar patient care under the same or similar circumstances." Id. at p. 9. "In South Dakota the 'mechanism' or 'legal theory' to support a medical malpractice claim is the failure to follow the appropriate standard of care." Id.

The deadline for designation of plaintiff's experts expired on October 31, 2012. (Docket 14 at ¶ 7). Plaintiff argues that, notwithstanding the court's scheduling order, this case is still more than 90 days from trial, so plaintiff's "technical violation" of the scheduling order is insignificant and the government is not "*prejudiced by the delay*." (Docket 19 at p. 7) (emphasis in original) (citing Fed. R. Civ. P. 26(a)(2)(C)).³ "Plaintiff's delay in designating experts is, thus, both substantially justified and harmless." Id. at p. 9.

The Federal Rules of Civil Procedure emphasize the importance of compliance with the rules. The rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. After consultation with the parties, the court's scheduling order was generated for that very reason. See Fed. R. Civ. 16(b)(1)(A). Under Rule 16, the court's scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Plaintiff fails to "make the requisite showing" of "good cause." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

---

³The correct citation is Fed. R. Civ. P. 26(a)(2)(D)(i). "Absent . . . a court order, the disclosures must be made . . . at least 90 days before the date set for trial . . . ."

5

attempting to meet the case management order's requirements." Id. Even if the court was to give any credence to Mr. Noftsger's claim he was waiting for a decision in Lewis to determine which expert witnesses he would need, it is now 12 months since the court's ruling in Lewis and 17 months after plaintiff's deadline for designation of experts expired. Mr. Noftsger did not seek relief from the court's scheduling order. The court need look no further than plaintiff's lack of diligence and the absence of excusable neglect in failing to comply with the court's scheduling order. See Fed. R. Civ. P. 6(b)(1)(B). ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Having failed to produce an expert witness to support plaintiff's dental malpractice claim, Mr. Noftsger cannot prove a deviation from the applicable standard of care. Magbuhat v. Kovarik, 382 N.W.2d 43, 46 (S.D. 1986) ("a verdict in a malpractice case based on inferences stemming from speculation and conjecture cannot stand."). The government "is entitled to judgment as a matter of law because the [plaintiff] has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**ORDER**

Based on the above analysis, it is hereby

ORDERED that the government's motion for summary judgment (Docket 15) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

Dated March 11, 2014.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE